```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


MESSINA ET AL.                            CIVIL ACTION


VERSUS                                    NO: 07-268


CERTAIN UNDERWRITERS AT                   SECTION: "R"(1)
LLOYD'S, LONDON
```

### ORDER AND REASONS

Before the Court is defendant's motion in limine to strike plaintiffs' expert witnesses William B. Haensel and Gerald Conrad. For the following reasons, the Court DENIES the motion.

Defendant moves the Court to strike plaintiffs' expert witnesses because plaintiffs failed to identify Haensel and Conrad as expert witnesses and provide expert reports by the deadline established by the Court's scheduling order. (R. Doc. 10). The Court's April 20, 2007 scheduling order instructed plaintiffs to provide defendant with expert reports by November 2, 2007. Plaintiffs did not identify their expert witnesses until December 17, 2007, more than a month later, and it is not

clear to the Court whether they ever produced expert reports that comply with Federal Rule of Civil Procedure 26(a)(2)(B).

The Court's scheduling order requires that expert reports shall contain "all matters about which [the expert] will testify and the basis therefor." (R. Doc. 10); *see also* Fed. R. Civ. P. 26(a)(2) (providing that an expert report shall contain a complete statement of the expert's opinions and the basis of his opinions).  Rule 26 further provides that "this disclosure must be accompanied by a written report" that contains:

- i.   a complete statement of all opinions the witness will express and the basis and reasons for them;
- ii.  the data or other information considered by the witness in forming them;
- iii. any exhibits that will be used to summarize or support them;
- iv.  the witness's qualifications, including a list of all publications authored in the previous 10 years;
- v.   a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
- vi.  a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  Plaintiffs provided defendant with correspondence and estimates prepared by Haensel and Conrad prior to the November 2, 2007 deadline for their expert reports. Specifically, plaintiffs provided defendant with two letters sent by Haensel to John Messina regarding his conclusions about the amount and cause of damage to his residence, as well as two

2

estimates for costs to repair the property. According to plaintiffs, Haensel also provided additional documentation, including a site plan, spread sheet, and photographs. These documents do not include the experts' qualifications, a list of cases in which they have testified as experts, or the compensation they will be paid as required by Rule 26.

The Fifth Circuit has provided four factors that a court should consider in determining whether to exclude evidence: (1) a party's explanation for its failure to timely identify its witnesses and exhibits; (2) the importance of the proposed evidence; (3) potential prejudice in allowing the admission of the exhibits and/or testimony; and (4) the availability of a continuance to cure such prejudice. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Although plaintiffs have not offered any justification for their failure to adhere to the Court's scheduling order, neither has defendant asserted any potential prejudice in allowing the expert testimony. Further, defendant has not offered any justification for its own untimely motion to strike plaintiffs' experts.

The purpose of an expert report is to notify opposing parties of the scope and content of the expert's proposed trial testimony. Defendant had notice that Haensel and Conrad would be

3

witnesses and deposed both Haensel and Conrad, serving them with subpoenas duces tecum for all of their documents relating to the plaintiffs' residence.  Defendant has had ample opportunity to discern the scope of Haensel and Conrad's proposed testimony.  Further, defendant does not contend that it will be prejudiced by allowing the testimony, only that it is untimely and not in accordance with the scheduling order and federal rules.  Finally, the proposed testimony is clearly important to the plaintiffs' case, without it they will have no expert testimony on the scope of their covered damages.  Accordingly, the Court DENIES defendant's motion to strike.  Plaintiffs are ordered to furnish defendant with Haensel and Conrad's qualifications, a list of cases in which they have testified as experts, and a statement of the compensation they will be paid for their study and testimony in the case by Friday, February 8, 2008 at 5:00 p.m.

New Orleans, Louisiana, this 7th day of February, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4